IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. | ) ) |
| v. | ) NO. 3:08-0453 ) JUDGE CAMPBELL ) |
| STEPHEN L. FARR | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion to Stay or Adjourn All Proceedings Pending Transfer to Multidistrict Litigation Court (Docket No. 36). For the reasons stated herein, Defendant's Motion is DENIED.

Defendant Stephen Farr has asked the Court to stay or adjourn all proceedings in this action pending its possible transfer to the Multidistrict Litigation Court ("MDL Court"). Defendant Farr and the defendants in two similar cases brought by Plaintiff have recently filed a motion with the Judicial Panel on Multidistrict Litigation ("MDL Panel") to transfer the related Gallagher cases to the MDL Court for consolidated and coordinated pretrial proceedings. Defendant argues that staying or adjourning all proceedings in this action pending a decision by the MDL Panel will ensure that pretrial matters, including discovery, are effectively coordinated among the related Gallagher cases and will avoid duplication in discovery and briefing, as well as the danger of inconsistent pretrial rulings.

Plaintiff, on the other hand, argues that suitable alternatives to transfer are available to avoid the possibility of duplicate discovery and inconsistent pretrial rulings; that the causes of action in the three pending cases arise under the laws of the States in which they are separately filed and thus may not involve identical legal issues; and that the issue of whether each defendant is violating his

employment agreement with Gallagher is fact-specific to each defendant. Plaintiff contends that Defendant has not met his burden to show the need for a stay.

The Rules of the Judicial Panel on Multidistrict Litigation provide that the pendency, before that Panel, of a motion to transfer does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. Rule 1.5, Rules for Multidistrict Litigation under 28 U.S.C. § 1407. In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings because of a party's motion to the MDL Panel for transfer and consolidation. Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Whether to grant a stay is within the court's discretion, and it is appropriate when it serves the interests of judicial economy and efficiency. Id.

When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. Id. The courts and Judicial Panel on Multidistrict Litigation have recognized that there are suitable alternatives to transfer in order to minimize the possibility of duplicative discovery. In re BMW Reverse Transmission Products Liability Litigation, 543 F.Supp.2d 1382, 1382 ( Jud. Pan. Mult. Lit. 2008).

Whether the circumstances of this case are appropriate for transfer to the MDL Court is not for this Court to decide. Rather, this Court must determine whether a stay, pending the possible transfer, is warranted. The Court, in its discretion, finds that such a stay is not warranted in this case.

2

The potential prejudice to Plaintiff of staying this case is great. Plaintiff alleges that it is being "irreparably harmed" each day Defendant is not prohibited from violating his employment agreement. There is no specific deadline for the MDL Panel to make its decision concerning transfer, and the Court is unwilling to stay this case indefinitely, on the possibility that it may be later transferred.

The harm to Defendant of not staying this action is minimal, particularly given that Defendant Farr resides in the Middle District of Tennessee and the discovery related to his actions generally is here.

Even if the related litigation involves the same employment agreement, Defendant's agreement in this case will be judged under Tennessee law, not the laws of the States where the other cases are pending. In addition, Defendant's actions in this case are fact-specific to this Defendant, and nothing about discovery as to his actions would be unduly duplicative. As noted above, there are ways to minimize the possibility of duplicative discovery, and the Magistrate Judge shall be aware of minimizing that possibility in coordinating discovery in this case.

For all these reasons, Defendant's Motion to Stay or Adjourn All Proceedings Pending Transfer to Multidistrict Litigation Court (Docket No. 36) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE